## SUPREME COURT.

THE POUGHKEEPSIE SAVINGS BANK agt. MARY WINN and others.

*Mortgage foreclosure — taxes and assessments — rights of purchaser.*

Where the judgment ordering the premises to be sold expressly provided that the referee should deduct from and pay out of the purchase-money any lien or liens for taxes or assessments, and only the balance should be paid to the plaintiff :

*Held,* that this provision is equivalent to an express declaration, by the court to the buyer, that he buys free from all liens for taxes.

*Held,* also, that although by the terms of sale the purchaser was required to present all claims for taxes, and have the same deducted from his bid, he could, if he saw fit, pay to the referee the entire purchase-money, and rely upon the court to carry out its own judgment as to the application of the moneys thus paid by him.

Where the purchaser paid to the referee the entire purchase-money, which was by him paid over to plaintiff, leaving certain taxes unpaid :

*Held,* that plaintiff should be compelled to pay the same.

*Ulster Special Term, February,* 1878.

MOTION to compel the plaintiff to pay certain taxes on property purchased at foreclosure sale.

*Wm. Lawton,* for purchaser.

*R. E. Taylor,* for bank.

WESTBROOK, *J.*— The judgment ordering the premises to be sold expressly provided that the referee, who conducted the sale, should deduct from and pay out of the purchase-

money obtained thereon " any lien or liens upon said premises so sold at the time of such sale for taxes or assessments," and that only the balance of such money, remaining after such payments and sundry others required by the judgment, should be paid to the plaintiff. This provision is equivalent to an express declaration, by the court to the buyer, that he buys free from all liens for taxes.

That certain taxes are unpaid is not controverted, but it is claimed, that under the terms of sale, the purchaser was required to present all claims for taxes, and have the same deducted from his bid. Not having done so it is argued by the plaintiff, that it may retain the money paid to it though, confessedly, the taxes are unpaid. The soundness of this position is not seen. The party buying is presumed to know what the judgment required and to rely thereon. It is true that he had the right, by the terms of sale, to ascertain what taxes were outstanding, pay the same, and have the amounts paid credited upon his bid, and for this, such terms of sale expressly provide; but it is also true, that, he could, if he saw fit, pay to the referee the entire purchase-money and rely upon the court to carry out its own judgment as to the application of the money thus paid by him. There is nothing in the terms of sale which compels the buyer to take the premises subject to the taxes due thereon, provided he fails to pay them and have them deducted from his bid upon his settlement with the referee. The clause is for the purchaser's protection, allowing him to pay if he sees fit, and is not inconsistent with the right to pay over the whole purchase-price, and trust to the referee following the order of the court.

The motion must be granted with costs.